DAVID A. ARIETTA, ESQ. (SBN 167865)
LAW OFFICES OF DAVID A. ARIETTA
700 Ygnacio Valley Road, Suite 200
Walnut Creek, CA 94596
Telephone: (925) 472-8000
Fax: (925) 472-5925

Attorney for Debtors
ROCKY FELIX COVARRUBIAS
TRACY ANN COVARRUBIAS

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>ROCKY FELIX COVARRUBIAS<br>TRACY ANN COVARRUBIAS,<br><br>    Debtors.<br><br>ROCKY FELIX COVARRUBIAS,<br><br>    Plaintiff,<br><br>vs.<br><br>PATELCO CREDIT UNION,<br><br>    Defendant. | Case No.: 09-44823 LT13<br><br>Chapter 13<br><br>ADV. PRO. NO.<br><br><br><br>**COMPLAINT FOR ORDER AVOIDING VOLUNTARY LIEN ON DEBTOR'S REAL PROPERTY** |

The debtor herein, ROCKY FELIX COVARRUBIAS, hereby alleges as follows:

1. This matter is a "core proceeding" and this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and Bankruptcy Rule 7001(2).

2. Plaintiff, ROCKY FELIX COVARRUBIAS, filed for Chapter 13 bankruptcy relief on

June 3, 2009 (the "Petition Date").

3. Defendant, PATELCO CREDIT UNION (herein after referred to as "PATELCO"), is a financial institution doing business in California. PATELCO is successor in interest for Sterlent Credit Union

4. Wachovia Mortgage holds a first note secured by a deed of trust on Plaintiff's residence located at 1924 Chambers Circle, Brentwood, California 94513 (the "Property").

5. Defendant, PATELCO, holds a second note secured by a deed of trust on the Property.

6. As of the Petition Date, the approximate principal balance due on Wachovia Mortgage's first note and deed of trust was $744,000.

7. As of the Petition Date, the approximate principal balance due on PATELCO's second note and deed of trust was $300,000,000. The second deed of trust was recorded with the Contra Costa County Recorder on July 26, 2005, as Document No. 2005-0274790. A copy of the deed of trust is attached hereto as Exhibit "A".

8. As of the Petition Date, Plaintiff's residence had a fair market value of approximately $600,000.

9. The junior second mortgage of PATELCO is totally under-secured due to the fact that senior liens equal or exceed the value of the subject real property.

10. PATELCO holds only an unsecured claim in regards to its second mortgage and deed of trust and is not a holder of a secured claim as defined in 11 U.S.C. § 1322(b)(2).

11. Based upon the foregoing facts, the Plaintiff is entitled to pay off PATELCO's second deed of trust in his Chapter 13 case as an unsecured debt at the same percentage rate offered to general unsecured creditors and obtain an order that PATELCO must reconvey its deed of trust once its debt is discharged.

WHEREFORE, Plaintiff prays for an order declaring that as of the Petition Date, the second note and deed of trust owed to PATELCO was entirely unsecured and therefore may be paid as an unsecured debt in Plaintiff's Chapter 13 case, that PATELCO be required to reconvey the second deed of trust once Debtor receives his discharge, and for such other and further relief as is necessary.

Dated:   September 8, 2009         LAW OFFICES OF DAVID A. ARIETTA


                                   By:  _David A. Arietta_____
                                        DAVID A. ARIETTA
                                        Attorney for Debtor/Plaintiff